GILBERTON POWER COMPANY, by Ri–Corp. Development, Inc., a General Partner; Birch Power Corporation, tax matters partner,

v.

UNITED STATES of America Gilberton Power Company, Appellant.

No. 02–1783.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 19, 2002.

Decided Dec. 23, 2002.

Before NYGAARD, ALITO and RENDELL, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Because we write for the benefit of the parties, the background of the appeal is not set out.

Birch Power Corporation, as tax matters partner for Gilberton Power Company ("Gilberton"), filed claims against the United States pursuant to 26 U.S.C. § 6226(a)(2), alleging that the Internal Revenue Service ("the IRS") had improperly denied an energy tax credit for investments it made in 1987 in a power plant fueled by debris from coal mining known as "culm." Following motions for summary judgment filed by both parties, the District Court held that Gilberton was disqualified from claiming the energy tax credits because culm is not an "alternate substance," as defined in the relevant sections of the Internal Revenue Code. Gilberton contests this order.

Our review of a grant of summary judgment is de novo. *Goosby v. Johnson & Johnson Medical, Inc.*, 228 F.3d 313, 318 (3d Cir.2000). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Saldana v. Kmart Corp.*, 260 F.3d 228, 231–32 (3d Cir.2001). We view all facts and draw all reasonable inferences in favor of the non-moving party. *Id.* at 232. However, the party opposing summary judgment

may not rely on the allegations in their pleadings; instead, through "more than a scintilla" of evidence, they must present "specific facts showing there is a genuine issue for trial." *Id.*

"As with all questions of statutory interpretation, we begin with the language of the statute itself." *In re United Healthcare Systems, Inc.*, 200 F.3d 170, 176 (3d Cir.1999). "Where statutory language is plain, we must enforce that language according to its terms." *Caterpillar, Inc. v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, 107 F.3d 1052, 1058 (3d Cir.1997). Moreover, "[w]here the statutory language is plain and unambiguous, further inquiry is not required, except in the extraordinary case where a literal reading of the language produces an absurd result." *Idahoan Fresh v. Advantage Produce, Inc.*, 157 F.3d 197, 202 (3d Cir.1998).

We reject Gilberton's argument that the District Court erred when it ruled in favor of IRS. Sections 46(a) and (b) of the I.R.C. provide tax credits for investment in power generation facilities that qualify as "biomass properties," as defined in Section 48(1)(15). A biomass property includes "a boiler for which the primary fuel will be an alternate substance." I.R.C. § 48(1)(3)(A)(i) (1987). An alternate substance is defined as "any substance other than ... oil and natural gas, and ... any product of oil and natural gas," but "does not include any inorganic substance and does not include coal (including lignite) or any product of such coal." *Id.* §§ 48(1)(3)(B), (15)(B)(ii). The culm that Gilberton uses to fuel its power generation facility is a mixture of anthracite, a form of coal, and inorganic materials. Accordingly, under the plain language of Section 48(1), culm is not an alternate substance. Gilberton's invocation of the policy consideration that drove the enactment of Section 48 of the I.R.C. is unavailing. "Where statutory language is plain, we must enforce that language according to its terms." *Caterpillar, Inc.*, 107 F.3d at 1058. The plain language of Section 48(1) of the I.R.C. excludes Gilberton from claiming an energy tax credit under Section 46.

We have considered all of Appellant's arguments and see no basis for reversal. The judgment of the District Court is, therefore, affirmed.